Honorable Kenneth J. Rothman Representative, District 77 Room 309, State Capitol Building Jefferson City, Missouri 65101
Dear Representative Rothman:
This is in response to your request for an opinion from this office in which you inquire whether the St. Louis magistrate court civil jurisdiction is limited to actions in the amount of $3,500 or less, exclusive of interest and costs.
Your question is occasioned because S.C.S.S.B. No. 658, 78th General Assembly, Second Regular Session, provides for a maximum jurisdictional amount of $3,500 for the magistrate courts of St. Louis City and C.C.S.H.B. Nos. 1317 and 1098, 78th General Assembly, Second Regular Session, deleted the $3,500 maximum jurisdictional amount.
For the sake of clarity, S.C.S.S.B. No. 658 will be referred to as V.A.M.S. Act 70 and C.C.S.H.B. No. 1317 and 1098 will be referred to as V.A.M.S. Act 72, both being so described in Vernon's Missouri Legislative Service, 1976.
Acts 70 and 72 were both approved by the Governor on the same day, June 17, 1976, and both became effective ninety days after adjournment.
The title to Act 70 related to the St. Louis court of criminal correction and the magistrates courts in the City of St. Louis and the jurisdiction and the duties of the judges and the personnel of said courts. The title to Act 72 related to magistrate and probate courts and judges thereof.
Act 70 amended Section 482.230, RSMo 1969, to read as follows:
 "1. Each such magistrate court and each of its divisions and magistrates shall have coextensive with the city all the duties, powers and jurisdiction given by general law to magistrates and magistrate courts in criminal and civil cases and matters, except that the sum demanded in all civil actions and proceedings therein for the recovery of money, exclusive of interest and costs, shall not exceed the sum of three thousand five hundred dollars; and all the provisions of general law applicable to magistrates, their courts and officers, shall be applicable to the courts, magistrates and officers subject to the provisions of sections 482.220 to 482.280, except so far as inconsistent therewith.
 "2. Each such magistrate shall also have all the duties, powers and jurisdiction as vested by general law in magistrates and magistrate courts in all criminal cases, examinations, hearings, proceedings and matters.
 "3. The practice, procedure and costs relating to the prosecution of criminal offenses before such magistrates shall be as provided by general law relating to magistrates and magistrate courts in criminal cases."
Act 72 amended Section 482.230, RSMo 1969, as follows:
 "Each such magistrate court and each of its divisions and magistrates shall have coextensive with the city all the duties, powers and jurisdiction given by general law to magistrates and magistrate courts in civil cases and matters, and all the provisions of general law applicable to magistrates, their courts and officers, shall be applicable to the courts, magistrates and officers subject to the provisions of sections 482.220 to 482.280, except so far as inconsistent therewith."
Following Section 482.230, as amended by Act 70, is what is designated as Section 4, which relates to the small claims docket, and Section 5, which relates to judges' retirement. These latter sections are new and not relevant to your question. The only direct amendment to Section 482.230 is as quoted.
It can be seen from a comparison of these amendments with Section 482.230 that Act 70 made only one small change in subsection 1, inserting the word "criminal" before the language "and civil cases and matters." Subsections 2 and 3 of Section 482.230, as found in Act 70, are new. As can be seen, Section 482.230, as amended by Act 70, does not contain any change in the jurisdictional amount. Further, as can be seen from the amendments to Section 482.230 in Act 72, no jurisdictional amount was mentioned; and, therefore, it is clear that the provision for a $3,500 jurisdictional amount which was contained in the laws of 1969 and in Act 70 was deleted in Act 72.
Act 72 also amended Section 482.090, RSMo 1969, so that the section now reads as follows:
 "1. Each magistrate shall have jurisdiction coextensive with his county and the magistrates may organize into a court or courts with divisions.
 "2. Except as otherwise provided by law, magistrates shall have original jurisdiction of all civil actions and proceedings for the recovery of money, whether such action be founded upon contract or tort, or upon a bond or undertaking given in pursuance of law in any civil action or proceeding, or for a penalty or forfeiture given by any statute of this state, when the sum demanded, exclusive of interest and costs, does not exceed five thousand dollars.
 "3. Magistrates shall have jurisdiction of all actions against any railroad company in this state, to recover damages for killing or injuring horses, mules, cattle or other animals within their respective counties, without regard to the value of such animals, or the amount claimed for killing or injuring the same; provided, such magistrates shall have exclusive original jurisdiction in all such cases where the amount involved is less than fifty dollars."
As can be seen from a comparison with Section 482.090, the only change made in such section by Act 72 was the jurisdictional amount of magistrate courts. Previously, the jurisdictional amount varied according to certain classes of counties whereas the amendment stated a flat jurisdictional $5,000 maximum.
The Revisor of Statutes accordingly, pursuant to his powers under Section 3.065, RSMo 1969, consolidated these two concurrent amendments to Section 482.230. As found in Section 482.230, V.A.M.S. Pocket Part Supplement, the consolidated section provides as follows:
 "1. Each such magistrate court and each of its divisions and magistrates shall have coextensive with the city all the duties, powers and jurisdiction given by general law to magistrates and magistrate courts in criminal and civil cases and matters, and all the provisions of general law applicable to magistrates, their courts and officers, shall be applicable to the courts, magistrates and officers subject to the provisions of sections 482.220 to 482.280, except so far as inconsistent therewith.
 "2. Each such magistrate shall also have all the duties, powers and jurisdiction as vested by general law in magistrates and magistrate courts in all criminal cases, examinations, hearings, proceedings and matters.
 "3. The practice, procedure and costs relating to the prosecution of criminal offenses before such magistrates shall be as provided by general law relating to magistrates and magistrate courts in criminal cases."
Thus, the Revisor has followed the proper procedure by taking all the language which was amendatory and consolidating it with the appropriate explanatory note as authorized by Section 3.065. This procedure conforms with the rule of construction that the legislature intends something by the amendment of a statute. St. CharlesBuilding Loan Ass'n. v. Webb, 229 S.W.2d 577 (Mo. 1950).
Thus, since Act 70 made no amendment to the amount in controversy with respect to the City of St. Louis magistrate courts and since Act 72 eliminated the jurisdictional amounts in its amendment of Section 482.230 and inserted a general jurisdictional amount for all magistrate courts under Section 482.090, a reading of these statutes together leads us to the conclusion that the jurisdictional amount of all magistrate courts, including the magistrate courts in the City of St. Louis, is $5,000 as of August 13, 1976.
In direct answer to your question, the St. Louis magistrate court jurisdiction is not limited to $3,500 as provided in Act 70 as it was clearly the legislative intent as provided in Act 72 to remove such jurisdictional limitation and to allow the St. Louis magistrate court to come within the $5,000 jurisdictional maximum as provided in Section 482.090 as amended.
CONCLUSION
It is the opinion of this office that the civil jurisdiction of the magistrate courts, including the magistrate courts in the City of St. Louis, is provided for in Section 482.090 as amended by C.C.S.H.B. Nos. 1317 and 1098, 78th General Assembly, Second Regular Session, in the maximum amount of $5,000.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Yours very truly,
 JOHN ASHCROFT Attorney General